NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued September 14, 2016
Decided September 19, 2016

Before

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-3111 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| MIKE RUSSELL,<br>        *Plaintiff-Appellant,*<br><br>                *v.*<br><br>COOK COUNTY, ILLINOIS, *et al.,*<br>        *Defendants-Appellees.* | No. 14 C 4683<br>John W. Darrah, *Judge.* |

**Order**

Mike Russell contends in this suit under 42 U.S.C. §1983 that a fellow pretrial detainee in Cook County Jail stabbed him, and that the defendants are culpable for failing to heed his warnings that an attack was imminent (but preventable). The district court dismissed the suit as barred by a release that Russell gave in an earlier suit.

Russell released all claims "against Cook County which occurred while [he] was housed in the Cook County Jail within the two year period prior to the execution date of this Agreement". Russell's signature on the release is dated February 21, 2014, and the attack of which he now complains occurred on March 13, 2014. But the district court

found that Russell had entered a false date. He could not have signed on February 21, the judge observed, because the agreement was not printed and sent to him until February 27. Russell's lawyer returned the signed document to defendants' counsel on March 19, 2014, and that must be deemed the date of execution, the district judge held. Events of March 13 therefore are covered by the release, the court concluded.

The agreement contains an integration clause, and in this court Russell's lawyer insists that it violates this clause to question the date Russell wrote on the agreement. Yet the parties did not mutually agree that it would take effect on February 21; Russell wrote that date unilaterally after the agreement's substantive terms had been written down. Asked at oral argument if Russell could have written "February 21, 1563" and thus ensured that the release did not apply to any events after the Elizabethan Era, his lawyer answered "of course not." The concession was prudent and shows that the integration clause cannot resolve this appeal. Counsel distinguished the situations by asserting that a date hundreds of years in the past would have been impossible—yet counsel does not deny that the date "February 21, 2014" was just as impossible.

So when *did* Russell sign the document? (We assume, for current purposes, that the date of Russell's assent is what matters, since he is the party bound by the release.) The record is silent. Counsel told us at oral argument that his client signed on February 28, 2014, and insisted that an uncontradicted declaration shows that date. But the declaration is not in the record. Russell's lawyer did not comply with the local rule for making a record in response to a motion for summary judgment. Realizing his error, counsel belatedly asked the district judge to add this declaration to the record; the judge denied this motion. Russell could have asked the court of appeals to add the document to the record under Fed. R. App. P. 10(e) and Circuit Rule 10(b), but he did not request that relief under either rule.

So the situation is this: the agreement could not have been executed before February 27, and it might have been executed as late as March 19, the day that Russell's counsel furnished the signed copy to defense counsel. Russell, who placed a false date under his signature, did not put into the record any evidence demonstrating that he signed before March 13, 2014, the date of the attack that led to this suit.

We recognize that time may pass between when a prisoner signs some document and when it can be filed in court or served on opposing counsel. That's the basis of the prison mailbox rule, which treats notices of appeal and similar documents as filed when placed in the prison mail system, rather than when received in court. See Fed. R. App. P. 4(c), 25(a)(2)(C). But a court needs evidence to implement that rule; a prisoner must provide a declaration under 28 U.S.C. §1746, or a notarized statement, showing exactly

when the document was signed and mailed. No such evidence about the date this contract was signed is in this record. All we have are two bounding dates: one impossibly early (February 21), and the other potentially late (March 19). The district court was entitled to choose the latter date, which unlike the former was at least physically possible.

AFFIRMED